# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL W. ANGEVINE, | 1:09-cv-01496 GSA |
| Plaintiff, | **ELECTION TO REVOKE IN FORMA PAUPERIS STATUS FOLLOWING REFERRAL NOTICE OF THE NINTH CIRCUIT COURT OF APPEALS** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On March 30, 2011, the United States Court of Appeals for the Ninth Circuit issued a referral notice in this matter. More particularly, the Ninth Circuit asked this Court to determine whether in forma pauperis status should continue for the appeal or whether the appeal is frivolous or taken in bad faith. (*See* USDC-E Doc. 29; 9th Cir. Case No. 11-15678 Doc. 5.)

**RELEVANT PROCEDURAL BACKGROUND**

On December 16, 2010, this Court issued its Order Regarding Plaintiff's Social Security Complaint, affirming the Administrative Law Judge (ALJ)'s earlier determination that Plaintiff was not disabled, and therefore not entitled to disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. Specifically, this Court found that the ALJ did not err with regard to his (1) step two determination identifying Plaintiff's

1  severe impairments as diabetes and crepitus of the right patella compatible with chondromalacia; or
2  (2) credibility findings regarding Plaintiff's pain and symptoms.  (*See* USDC-E Doc. 19.)  Judgment
3  was entered for Defendant Commissioner of Social Security on December 17, 2010. (USDC-E Doc.
4  20.)
5        On February 14, 2011, this Court granted Plaintiff, then pro se, an extension of time within
6  which to file a notice of appeal.  (USDC-E Doc. 23.)  On March 17, 2011, Plaintiff filed a timely
7  Notice of Appeal (USDC-E Doc. 25) and his in forma pauperis status was granted for purposes of
8  appeal (USDC-E Doc. 28).
9        After Plaintiff's appeal was processed to the Ninth Circuit Court of Appeals, this Court
10 received a Referral Notice from the appellate court dated March 30, 2011.  The notice refers the
11 matter to the district court "for the limited purpose of determining whether in forma pauperis status
12 should continue for this appeal or whether the appeal is frivolous or taken in bad faith."  The Court
13 now turns to make that determination.

14       **DISCUSSION**

15       Title 28 of the United States Code section 1915(a)(3) provides that "[a]n appeal may not be
16 taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In
17 *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002), the Ninth Circuit held that where
18 "at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on
19 appeal must be granted for the case as a whole."  Thus, this Court turns to an examination of
20 Plaintiff's Notice of Appeal to determine whether the issues or claims identified by Plaintiff are non-
21 frivolous.
22       Plaintiff's Notice of Appeal is construed by this Court to assert the following claims on
23 appeal: (1) that Plaintiff did not receive notice "of the hearing" and thus did not attend; (2) that
24 Plaintiff wishes to be heard with regard to "fraud" wherein individuals in need of Social Security
25 benefits are "denied and forgot[t]en;" and (3) that Plaintiff became disabled in 2006 when he was
26 diagnosed with Post Traumatic Stress Disorder (PTSD).  (*See* USDC-E Doc. 25.)
27 //
28 //

1     *Receipt of Notice of Hearing*

2         Apparently Plaintiff claims he "was never informed of the hearing," and thus seeks to appeal
3 on that basis.

4         With regard to the hearing held in the administrative proceedings before the ALJ, Plaintiff
5 did in fact receive notice of, attend, and testify at that hearing, as is referenced in this Court's Order.
6 (*See* USDC-E Doc. 19 at 2-5.) To the degree Plaintiff is referencing a hearing before this Court, a
7 hearing was never held in the proceedings before this Court. In fact, as expressly noted in the
8 Court's Order, the matter was submitted "on the parties' briefs, which were submitted, *without oral*
9 *argument . . . .*" (USDC-E Doc. 19 at 1.)

10         Thus, this claim is frivolous.

11     *Claim Regarding Fraud*

12         Plaintiff's Notice of Appeal states he "would like to voice [his] own words" concerning
13 "fraud," wherein Social Security benefits are allegedly improperly denied to claimants.

14         The Court construes Plaintiff's claim to assert the existence of some sort of conspiracy
15 wherein otherwise eligible applicants are being purposefully denied benefits to which they have a
16 right. An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920
17 F.2d 614, 617 (9th Cir. 1990). The term also "embraces not only the inarguable legal conclusions
18 but also the fanciful factual allegations" as well. *Neitzke v. Williams*, 490 U.S. 319, 325-327, 109
19 S.Ct. 1827, 1831-1833 (1989).

20         Here, Plaintiff's claim of mass, wholesale fraud has no arguable basis in fact or in law and
21 is therefore frivolous.

22     *PTSD Diagnosis*

23         Plaintiff asserts he was disabled as "of 2006 when [his] doctors diagnosed" PTSD. However,
24 a review of the record of the proceedings before this Court, and the administrative proceedings
25 below, indicate that there was no determination or discussion with regard to Plaintiff having been
26 diagnosed with PTSD. In other words, other than Plaintiff's reference in the Notice of Appeal and
27 Plaintiff's own testimony regarding flashbacks and dreams at the administrative hearing, the ALJ
28 did not address PTSD for purposes of a disability determination, and Plaintiff's counsel on appeal

before this Court, Lawrence W. Rohlfing, did not argue any matter related to PTSD.  (USDC-E Docs. 10-3 at 11- 21 & 11.)

Based on the above, the Court finds the claim to be frivolous.

## CONCLUSION

In sum, all of Plaintiff's claims have been determined to be frivolous.  Pursuant to the foregoing, and in accordance applicable federal law and legal authority, this Court hereby revokes Plaintiff's in forma pauperis status.


IT IS SO ORDERED.

**Dated:   March 30, 2011**               **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE